UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    CASE NO. 6:15-BK-01284-KSJ

FREDERIC GEORGE SCHAUB,

       Debtor.

-----------------------------------------------/

## C&G REAL ESTATE GROUP, INC.'S MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, C&G Real Estate Group, Inc. ("Movant"), and pursuant to Section 362 of title 11 of the United States Code (the "Bankruptcy Code") and F.R.B.P. 4001 and 9014 moves the Court for the entry of an order modifying the automatic stay of Section 362(a) of the Bankruptcy Code to allow a pending state court action to proceed through judgment, and in support thereof shows the Court the following:

1.     Frederic George Schaub (the "Debtor") is a debtor under the provisions of Chapter 11 of the Bankruptcy Code, having filed a voluntary petition on February 16, 2015.  No trustee having been appointed, the Debtor remains in possession of his property and operating his business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.     Movant is a Florida corporation, the outstanding stock of which was formerly owned by William W. Cole, Jr. and Allan Goldberg ("Cole" and "Goldberg," respectively) but, following the default on certain obligations owing by Cole and Goldberg to PRN Real Estate & Investments, Ltd. ("PRN"), such equity interest in Movant was sold to Hartford Homes, Inc., an affiliate of PRN.  Hartford Homes, Inc. now owns 100% of the stock of Movant.

3.     Prior to the sale of the equity interest in Movant, Cole and Goldberg, and the Debtor, had operated a residential real estate development company known as Arlington Homes,

LLC ("AH"). At all times material, Movant and an entity known as Homes by Arlington, LLC (the Debtor being the sole member) each owned 50% of the membership interests of AH. The Debtor, in addition to Goldberg, was one of its managers. In addition to his interest in AH, the Debtor was also at all times material the sole member and manager of an entity known as Hanover Homes of Winter Park, LLC ("Hanover Homes"), and the Debtor may have been a member and co-manager, with Goldberg, of an entity known as Arlington Homes of Winter Park, LLC ("AHWP"). Just like AH, Hanover Homes and AHWP are or were engaged in the business of developing residential real estate for sale at a profit.

4.    Commencing in or around 2008, and to assist the Debtor, AH, Hanover Homes and/or AHWP with cash flow problems, Movant entered into an oral agreement by which it would periodically make loans to AH. As represented by Cole to Movant, the loans made by Movant to AH and affiliated parties was to be repaid by AH, Hanover Homes, AHWP and Movant by the payment to Movant of 25% of any monies received on development projects by those persons and entities, net of costs on the particular project.

5.    On information and belief, between 2008 and 2010, Movant loaned to AH a total of $1,449,582.28. Thereafter, AH, Hanover Homes, AHWP and/or Schaub made payments to Movant to reduce the amount owing, as of May 28, 2014, to the approximate amount of $980,000.00.

6.    On or about May 28, 2014, Movant sent a demand letter to the applicable obligors demanding payment of the remaining amount outstanding. However, AH, AHWP, Hanover Homes and Schaub defaulted under the applicable loan by failing to repay the amount upon demand.

7.      In the meantime, on or about September 28, 2012, Schaub, in his capacity as a managing member of AH, and without the permission or consent of at least one (1) 50% member, Movant, caused AH to be administratively dissolved by failing to pay the annual fee to the State of Florida Department of State.  However, rather than wind up AH's business affairs, and distribute 50% of its assets to Movant as required by applicable law, the Debtor did not cause AH to wind up its affairs and distribute its assets; rather, the Debtor caused Hanover Homes to essentially take over and continue AH's business -- but no longer under the auspices of AH, but under the auspices of Hanover Homes.

8.      By way of example, but not way of limitation, AH's website continued to remain active and list properties for sale; Hanover used, and continues to use, the goodwill, reputation and name of AH by conducting its business under the fictitious name, Arlington Homes; "for sale" signs were identified under the name AH; the Debtor was the manager of AH as he is the manager of Hanover Homes; upon information and belief, many of the assets of Hanover Homes and AH are identical, as are or were most, if not all, of the employees of both Hanover Homes and AH.  Indeed, in his own Schedule of Assets and Liabilities, Schedule I, the Debtor identifies himself as having been employed by Hanover Homes of Winter Park, LLC for 15 years 0 month when, in fact, Hanover Homes was not incorporated until 2007.  However, AH was incorporated 15 years prior to the Debtor's filing of his Bankruptcy Case.  Succinctly put, Hanover Homes is the mere continuation of, alter ego of, and/or the surviving de facto merger partner with, AH.

9.      Based upon the foregoing, on August 25, 2014, Movant instituted an action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as Case No. 2014-CA-9038, a true and correct copy of the Amended Complaint being attached hereto and incorporated herein as Exhibit "A," against Hanover Homes, AH, AHWP and the Debtor,

3

seeking to recover the amount owed on the outstanding loan obligation, as well as those monies caused to be diverted by the Debtor from AH (or affiliated parties) to Hanover Homes (and/or other entities) to avoid repayment of the outstanding obligation. Following the filing of a motion to dismiss by the Defendants therein, the state court entered an order denying the motion to dismiss on February 26, 2015.

10.    According to the Debtor's Schedule of Assets and Liabilities, and with the possible exception of a potential deficiency claim with respect to SunTrust Bank, Movant is the only identified unsecured creditor in the case. Pursuant to Section 1129 of the Bankruptcy Code, it is likely that the Debtor must pay 100% of all unsecured claims in order to confirm a plan. The nature of the disputes underlying the lawsuits – Movant's loan to AH and affiliated parties, the amounts repaid, and the security therefore – will require extensive discovery and litigation, which will necessarily be time consuming. Given the amount of time such litigation will likely take, resolving the claim in either claims litigation pre-confirmation, much less in an estimation proceeding pursuant to Section 502, would seem to be impractical, and likely prejudicial to Movant. Moreover, even the Debtor in its Case Management Summary states that the Bankruptcy Case was filed not because of the litigation with Movant, but in order to avoid a foreclosure sale scheduled for the following day related to the Debtor's homestead -- or property the Debtor concedes is currently underwater.

11.    Taken into account that the asserted claims in the state court litigation arise under state law, are principally by and between non-debtors, are principally non-core state law based claims, that it is necessary to liquidate such claims in order to determine feasibility and confirmability of any plan the Debtor might file, and that the proceeding has already moved past the motion to dismiss stage in state court, "cause" exists pursuant to Section 362(d)(1) of the

4

Bankruptcy Code to modify the automatic stay of Section 362 of the Bankruptcy Code to permit the litigation to proceed in state court through the entry of judgment; provided, however, that Movant shall not seek to execute upon or otherwise levy upon any assets of the Debtor absent further order of this Court.

WHEREFORE, Movant requests the entry of an order to modify the automatic stay of Section 362 of the Bankruptcy Code, to permit the litigation to proceed in state court through the entry of judgment; provided, however, that Movant shall not seek to execute upon or otherwise levy upon any assets of the Debtor absent further order of this Court, and for such other and further relief the Court deems just and proper.

/s/ Andrew M. Brumby
ANDREW M. BRUMBY, ESQ.
Florida Bar No. 0650080
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida  32801
Telephone:    (407) 835-6901
Facsimile:    (407) 849-7201
E-mail:       abrumby@shutts.com

Filing # 18134160 Electronically Filed 09/11/2014 03:38:41 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2014-CA-9038

C&G REAL ESTATE GROUP, INC. a Florida
corporation,

      Plaintiff,

v.

HANOVER HOMES OF WINTER PARK,
LLC, a Florida limited liability company,
ARLINGTON HOMES, LLC, a Florida limited
liability company, ARLINGTON HOMES OF
WINTER PARK, LLC, a Florida limited
liability company, and FRED SCHAUB, an
individual,

      Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff, C&G REAL ESTATE GROUP, INC. ("CGREG"), a Florida corporation, by

counsel and pursuant to the Florida Rules of Civil Procedure, hereby sues HANOVER HOMES

OF WINTER PARK, LLC ("Hanover"), a Florida limited liability company, ARLINGTON

HOMES, LLC ("Arlington Homes"), a Florida limited liability company, ARLINGTON

HOMES OF WINTER PARK, LLC ("Arlington Homes of Winter Park"), a Florida limited

liability company, and FRED SCHAUB ("Schaub"), an individual (Hanover, Arlington Homes,

Arlington Homes of Winter Park, and Schaub shall be referred to collectively as the

"Defendants"), and states:

### JURISDICTIONAL ALLEGATIONS, VENUE, AND THE PARTIES

    1.    This is a cause of action for damages in excess $15,000.00, exclusive of costs,

pre-judgment interest, and attorneys' fees, and is otherwise within the jurisdiction of this Court.



2. CGREG is a Florida corporation, which at all times material hereto was authorized to and conducted business in Orange County, Florida.

3. Hanover is a Florida limited liability company, which at all times material hereto was authorized to and conducted business in Orange County, Florida.

4. Arlington Homes is a Florida limited liability company, which at all material times conducted business in Orange County, Florida. Arlington Homes was administratively dissolved on September 28, 2012.

5. Arlington Homes of Winter Park is a Florida limited liability company, which at all times material hereto was authorized to and conducted business in Orange County, Florida.

6. Schaub is an individual residing in Orange County, Florida.

7. CGREG was initially created by third parties, ALLAN N. GOLDBERG ("Goldberg") and WILLIAM W. COLE JR. ("Cole").

8. Cole, Goldberg, and Schaub were business partners for many years.

9. CGREG and Schaub formed Arlington Homes, which was engaged in the business of developing residential real estate to be sold to the public for a profit.

10. At all material times, CGREG and Schaub each owned fifty percent (50%) of the membership interest of Arlington Homes, and Schaub was the manager of Arlington Homes.

11. Schaub was at all material times the sole member and manager of Hanover Homes.

12. Goldberg was at all material times a member and co-manager of Arlington Homes of Winter Park.

13. Just like Arlington Homes, Arlington Homes of Winter Park and Hanover Homes are engaged in the business of developing residential real estate for sale to the public for profit.

2

14.    Arlington Homes, Arlington Homes of Winter Park, and Hanover Homes shall be referred to collectively as the "Arlington Entities."

15.    Venue is proper in Orange County, Florida, because Schaub resides in Orange County, Florida, and the causes of action contained herein accrued in Orange County, Florida.

16.    All conditions precedent to the maintenance of this action have occurred, have been waived, or have otherwise been excused.

## FACTUAL ALLEGATIONS

A.    Breach of the Oral Loan from CGREG to the Defendants.

17.    Due to the downturn in the real estate market, in or around 2008, the Defendants began experiencing cash-flow problems.

18.    To assist with the Defendants' cash-flow problems, and because Cole, Goldberg, and Schaub have been business partners for many years, CGREG and the Defendants entered into an oral agreement pursuant to which CGREG would periodically loan funds to Arlington Homes ("CGREG Loan").

19.    Since Schaub controlled all of the Arlington Entities, he and the Arlington Entities each benefitted from the CGREG Loan.

20.    To pay back the CGREG Loan, the Defendants were required to pay CGREG twenty-five percent (25%) of any monies they received net of costs.

21.    There was a zero percent (0%) interest rate on the monies loaned under the CGREG Loan.

22.    In addition, the parties did not set a definite date of maturity.  As such, under Florida law, the CGREG Loan was payable in full on demand.

23.    Under the CGREG Loan, CGREG loaned to Arlington Homes $536,770.42 in

3

2008, $904,992.15 in 2009, and $7,819.71 in 2010, for a total of $1,449,582.28.

24.    The Defendants made periodic payments to CGREG under the CGREG Loan, and as of May 28, 2014, reduced the amount due and owing under the CGREG Loan to $980,000.00.

25.    On May 28, 2014, CGREG sent a letter to the Defendants demanding payment of the CGREG Loan in full (the "CGREG Demand Letter").    A true and correct copy of the CGREG Demand letter is attached hereto and incorporated herein as Exhibit "A."

26.    The Defendants, however, defaulted under the CGREG Loan by failing to repay the CGREG Loan in full upon receipt of the CGREG Demand Letter.

27.    As a result of such default, CGREG has been damaged.

28.    As of the date of the filing of this Complaint, the Defendants owe CGREG $980,000.00, plus prejudgment interest and post-judgment interest due to their default under the CGREG Loan.

**B.    Monies Owed to CGREG as a Fifty Percent (50%) Owner of Arlington Homes**

29.    CGREG and Schaub each owned fifty percent (50%) of the membership interest of Arlington Homes.

30.    Since CGREG owned fifty percent (50%) of the membership interest in Arlington Homes, under Section 608.426, Florida Statutes ("§ 608.426"), Arlington Homes was required to distribute fifty percent (50%) of all distributions it made to CGREG.

31.    Pursuant to section 608.4261, Florida Statutes ("§ 608.4261"), Arlington Homes was also required to distribute fifty percent (50%) of its net profits to CGREG.

32.    Arlington Homes violated § 608.426 and § 608.4261 by failing to distribute fifty percent (50%) of its net profits earned and fifty percent (50%) of its distributions made to CGREG for the profits earned by Arlington Homes on or before to September 28, 2012.

33.     On September 28, 2012, Schaub, as the managing member of Arlington Homes and without the permission or consent of CGREG, caused Arlington Homes to be administratively dissolved by failing to pay the statutorily-required filing fee to the State of Florida Department of State.

34.     Upon the dissolution of Arlington Homes, Schaub was required by Florida law to wind-up Arlington Homes' business affairs and distribute fifty percent (50%) of its assets to CGREG.

35.     Schaub, however, did not cause Arlington Homes to wind up its business affairs and distribute its assets to CGREG.

36.     Rather, Schaub caused Hanover to continue to conduct Arlington Homes' business in the name of Arlington Homes.

37.     For example, but not by way of limitation, Arlington Homes' Web site, www.arlingtonhomesfl.com, has remained active and continues to list properties for sale; Hanover did not create a separate Web site for its business; Hanover used, and continues to use, the good will, reputation, and name of Arlington Homes when conducting business; Hanover does not conduct any business except in the name of Arlington Homes; Arlington Homes has continued to place 'For Sale' signs in front of the properties it is attempting to sell; Arlington Homes' business  is exactly the same as before it was administratively dissolved; the principal address and mailing address for Hanover and Arlington Homes are identical; Schaub is the manger of Hanover and was the manager of Arlington Homes; the assets of Hanover and Arlington Homes are identical; and the employees of Hanover and Arlington Homes are identical.

38.     A true and correct copy of a screenshot of www.arlingtonhomesfl.com is attached

hereto and incorporated herein as Exhibit "B." A photograph taken on August 6, 2014, showing one of the 'For Sale' signs posted by Arlington Homes in front of a house it listed for sale is attached hereto and incorporated herein as Exhibit "C."

39.    Hanover Homes is, therefore, a mere continuation of business of Arlington Homes since Hanover's continuing to operate Arlington Homes' business after Arlington Homes was administratively dissolved constitutes a change in form, but not a change in substance.

40.    In addition, or in the alternative, Hanover's continuing the business of Arlington Homes constitutes a de facto merger because Arlington Homes was absorbed by Hanover without the statutory requirements of a merger after Arlington Homes was administratively dissolved.

41.    As a result, Hanover is required to distribute fifty percent (50%) of its net profits and fifty percent (50%) of its distributions to CGREG under § 608.426 and § 608.4261 from September 28, 2012, to the present.

42.    In an attempt to avoid compensating CGREG, Schaub caused the funds earned by Hanover to be directed to himself and not to CGREG.

43.    As damages for Hanover's conducting Arlington Homes' business after Arlington Homes was administratively dissolved, CGREG is entitled to the greater of (a) fifty percent (50%) of the net profits and fifty percent (50%) of the distributions from Hanover from September 28, 2012, until the present; or (b) the assets to which CGREG would have been entitled if Arlington Homes was properly wound up upon administrative dissolution.

## COUNT I — BREACH OF ORAL LOAN AGREEMENT

44.    CGREG restates and reasserts the allegations set forth in paragraphs 1 through 28 as if set forth in full herein.

45.     This is a cause of action by CGREG against the Defendants for breach of Oral Loan Agreement.

46.     CGREG and the Defendants entered into the CGREG loan, the terms of which are set forth in paragraphs 18 through 21 above.

47.     CGREG loaned $1,449,528.28 under the CGREG Loan, of which $980,000.00 has not been paid back.

48.     On May 28, 2014, CGREG sent the CGREG Demand Letter to the Defendants demanding payment of the CGREG Loan in full.

49.     The Defendants defaulted under the CGREG Loan by failing to repay the CGREG Loan in full upon receipt of the CGREG Demand Letter.

50.     As a result, CGREG has been damaged.

51.     As of the date of the filing of this Complaint, the Defendants owe CGREG $980,000.00 plus prejudgment interest and post-judgment interest for their default under the CGREG Loan.

WHEREFORE, Plaintiff, C&G REAL ESTATE GROUP, INC., respectfully requests that this Court enter a Final Judgment in its favor and against Defendants, HANOVER HOMES OF WINTER PARK, LLC, ARLINGTON HOMES, LLC, ARLINGTON HOMES OF WINTER PARK, LLC, and FRED SCHAUB, for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; and (d) such other and further relief as this Court deems just and proper.

## COUNT II — VIOLATION OF SECTIONS 608.426 AND 608.4261, FLORIDA STATUTES

52.     CGREG restates and reasserts the allegations in paragraphs 1 through 16, and 29 through 43, as if set forth in full herein.

53.     This is a cause of action for violation of § 608.426 and § 608.4261.

7

54.    As the fifty percent (50%) owner of Arlington Homes, CGREG was entitled to fifty percent (50%) of the distributions made, and fifty percent (50%) of the net income earned, by Arlington Homes.

55.    Arlington Homes violated § 608.426 and § 608.4261 by failing and refusing to distribute fifty percent (50%) of its distributions and net profits to CGREG before it was administratively dissolved on September 28, 2012.

56.    In addition, as set forth in paragraphs 34 through 42 above, Schaub caused Hanover to continue to conduct Arlington Homes' business in the name of Arlington Homes.

57.    As a result, Hanover Homes is merely a continuation of business of Arlington Homes.

58.    In addition, or in the alternative, Hanover's continuing the business of Arlington Homes constitutes a de facto merger.

59.    As a result, Hanover is required to distribute fifty percent (50%) of its net profits and fifty percent (50%) of its distributions to CGREG under § 608.426 and § 608.4261 from September 28, 2012, to the present.

60.    In an attempt to avoid compensating CGREG, Schaub caused the funds earned by Hanover to be directed to himself and not to CGREG.

61.    As damages for Hanover's conducting Arlington Homes' business after Arlington Homes was administratively dissolved, CGREG is entitled to the greater of (a) fifty percent (50%) of the net profits and fifty percent (50%) of the distributions from Hanover from September 28, 2012, until the present; or (b) the assets to which CGREG would have been entitled if Arlington Homes was properly wound up upon administrative dissolution.

WHEREFORE, Plaintiff, C&G REAL ESTATE GROUP, INC., respectfully requests that

this Court enter a Final Judgment in its favor and against Defendants, HANOVER HOMES OF WINTER PARK, LLC, and ARLINGTON HOMES, LLC, for: (a) damages in the amount of fifty percent (50%) of the distributions made, and fifty percent (50%) of the net profits earned, by Arlington Homes before September 28, 2012; (b) the greater of fifty percent (50%) of the net profits and fifty percent (50%) of the distributions from Hanover from September 28, 2012, until the present, or the assets to which CGREG was entitled if Arlington Homes was properly dissolved on September 28, 2012; (c) prejudgment interest; (d) post-judgment interest; (e) attorneys' fees and costs; and (f) such other and further relief as this Court deems just and proper.

## COUNT III — BREACH OF FIDUCIARY DUTY

62.    CGREG restates and reasserts the allegations in paragraphs 1 through 16, and 29 through 43 as if set forth in full herein.

63.    This is a cause of action for breach of fiduciary duty against Schaub.

64.    As the manager of Arlington Homes, pursuant to Section 608.4225, <u>Florida Statutes</u>, Schaub owed a fiduciary duty to CGREG, including the duty of loyalty and the duty of care.

65.    As described in paragraph 32 above, Schaub breached his fiduciary duty owed to CGREG by failing to distribute fifty percent (50%) of the distributions made, and net profits earned, by Arlington Homes prior to its administrative dissolution on September 28, 2012.

66.    In addition, Schaub breached his fiduciary duty to CGREG by undertaking the conduct set forth in paragraphs 33 through 42 above.

67.    The foregoing actions by Schaub were intentional and in violation of the law, or in the alternative, were grossly negligent and in violation of the law.

68.    As a result, CGREG has been damaged.

WHEREFORE, Plaintiff, C&G REAL ESTATE GROUP, INC., respectfully requests that this Court enter a Final Judgment in its favor and against Defendant, FRED SCHAUB, for: (a) damages; (b) prejudgment interest; (c) post-judgment interest; (d) attorneys' fees and costs; and (e) such other and further relief as this Court deems just and proper.

## COUNT IV — ACCOUNTING

69.    CGREG restates and reasserts the allegations in paragraphs 1 through 16, and 29 through 43 as if set forth in full herein.

70.    This is a cause of action against Arlington Homes and Hanover for an accounting.

71.    As set forth in paragraph 32 above, Arlington Homes failed and refused to distribute to CGREG fifty percent (50%) of its distributions and net profits prior to its administrative dissolution on September 28, 2012.

72.    As described in paragraphs 33 through 42 above, Hanover continued to operate Arlington Homes' business for a profit after Arlington Homes was administratively dissolved on September 28, 2014.

73.    Hanover's operating Arlington Homes' business for a profit after Arlington Homes was administratively dissolved constitutes a mere continuation of business and/or a de facto merger.

74.    As a result, Hanover and Arlington Homes are required to distribute fifty percent (50%) of their net profits and fifty percent (50%) of their distributions to CGREG under § 608.426 and § 608.4261.

75.    Hanover and Arlington Homes violated § 608.426 and §608.4261 by failing and refusing to make such distributions to CGREG.

10

76.    Moreover, Schaub caused Hanover and Arlington Homes to distribute all funds earned by them to Hanover and himself, instead of to CGREG, thereby breaching a fiduciary duty owed to CGREG.

77.    The funds owed to CGREG are owed as a result of complex and extensive transactions and a remedy at law is inadequate without an equitable accounting.

78.    As a result, CGREG is entitled to an accounting against Arlington Homes and Hanover.

WHEREFORE, Plaintiff, C&G REAL ESTATE GROUP, INC., respectfully requests that this Court enter a Final Judgment in its favor and against Defendants, ARLINGTON HOMES, LLC, and HANOVER HOMES OF WINTER PARK, LLC, for: (a) an accounting; (b) the appointment of a third-party to conduct such accounting; and (c) for such other and further relief as this Court deems just and proper.

Dated this 11th day of September, 2014.

/s/ Jeffrey S. Elkins
JACK C. MCELROY, ESQ.
Florida Bar No. 0818150
jmcelroy@shutts.com
JEFFREY S. ELKINS
Florida Bar No. 0043775
jelkins@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Post Office Box 4956
Orlando, Florida 32801-5403
Telephone: (407) 835-6805
Facsimile: (407) 849-7297
Attorneys for Plaintiffs, PRN Real Estate &
Investments, LTD., and Nancy Rossman



**SHUTTS & BOWEN LLP**

JEFFREY S. ELKINS
ASSOCIATE
(407) 835-6805 Direct Telephone
(407) 849-7297 Direct Facsimile

E-MAIL ADDRESS:
jelkins@shutts.com

May 28, 2014

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Hanover Homes of Winter Park, LLC
Arlington Homes, LLC
Arlington Homes of Winter Park, LLC
c/o Fred Schaub
1971 High Street
Longwood, FL 32750

Re:    Demand for Monies Owed to C&G Real Estate Group, Inc.
       Client-Matter No. 13430.0013

Dear Mr. Schaub:

This firm represents C&G Real Estate Group, Inc. ("CGREG"), in the above-referenced matter. Please forward all future correspondence regarding this issue to the undersigned.

PRN Real Estate & Investments, Ltd. ("PRN"), as pledgee, entered into that certain Stock Pledge Agreement dated November 26, 2008, as amended on March 23, 2009 (the "Pledge Agreement"), with Allan N. Goldberg ("Goldberg"), William W. Cole ("Cole"), and CFG at Chapman, Inc., as pledgors (collectively "Pledgors"). Under the Pledge Agreement, the Pledgors pledged all of the outstanding shares of C&G Real Estate Group, Inc. ("CGREG"), and the shareholder voting rights of CGREG, as security for payment of numerous promissory notes owed to PRN. A copy of the Pledge Agreement is enclosed with this letter.

Since CGREG's outstanding shares of stock were pledged as security for the payment of numerous promissory notes that went into default, CGREG's outstanding shares were sold at a public auction on Friday, July 13, 2012. Hartford Homes, Inc., which is controlled by Nancy A. Rossman ("Rossman"), was the successful bidder at that auction, and new stock certificates were issued to Hartford. Hartford is still the sole shareholder of CGREG.

This letter is making demand with respect to two claims.

EXHIBIT

300 South Orange Avenue, Suite 1000, Orlando, Florida 32801 • ph 407.423.3200 • fx 407.425.8316 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

Hanover Homes of Winter Park, LLC
May 28, 2014
Page 2


I.    **Claim for 50% of monies received (net of third party costs) by Hanover Homes of Winter Park, LLC ("Hanover").**

As you know, CGREG was the fifty (50) percent owner of Arlington Homes, LLC ("Arlington Homes"), when it was administratively dissolved on September 28, 2012. At that time, CGREG was entitled to fifty (50) percent of the net distributions of Arlington Homes.

Although you caused Arlington to be administratively dissolved, Hanover Homes of Winter Park, LLC ("Hanover"), through you, has continued to do business in the name of Arlington Homes. For example, but not by way of limitation, Arlington Homes' Web site currently lists properties for sale, you continue to put 'For Sale' signs with Arlington Homes' name on it in front of houses that are listed for sale, have used the good will and reputation of Arlington Homes to promote the business of Hanover, the type of business Hanover is engaging in is identical to that of Arlington Homes, and the contact information for Hanover is the same Arlington Homes' contact information. Hanover's actions constitute a mere continuation of Arlington Homes' business and, therefore, Hanover is liable for the debts of Arlington Homes.

Although Hanover has continued to conduct business under Arlington's name, Hanover and you have not disbursed any funds to CGREG as required by Florida law. CGREG, as the fifty percent (50%) owner of Arlington, is therefore entitled to fifty percent (50%) of the net profits of Hanover.

CGREG hereby demands that within ten (10) days from the date of this letter, Hanover account for and pay to CGREG fifty percent (50%) of any net profits from Arlington Homes from July 13, 2012, to September 28, 2012, which is the date of dissolution of Arlington Homes, and fifty percent (50%) of the net profits of Hanover from September 28, 2012, to the present.

II.   **Claim for $980,000.00 from Hanover, Fred Schaub, Alrington Homes, and/or Arlington Homes of Winter Park, LLC ("Arlington of Winter Park")**

Pursuant to the books and records of CGREG provided to my client by Bill Cole and Allan Goldberg, and Mr. Cole's representations in the Settlement Agreement he entered into with PRN Real Estate & Investments, Ltd. ("PRN") dated May 8, 2012 (the "Cole Agreement"), Hanover, Arlington Homes, Arlington of Winter Park, all other entities involving you or related to the homebuilding business (collectively the "Arlington Entities"), and you personally owe CGREG $980,000.00, to be paid to CGREG as follows: 25% of any monies received by any of the Arlington Entities net of costs. As part of the Cole Agreement, Mr. Cole is entitled to receive 50% of any funds collected by CGREG, less CGREG's costs, on such debt. Even though Mr. Cole does not own any part of it, CGREG will abide by that provision.

CGREG hereby demands payment of $980,000 from the Arlington Entities and you, and demands an accounting of the Arlington entities. If the Arlington Entities and you do not pay

Hanover Homes of Winter Park, LLC
May 28, 2014
Page 3

such funds to CGREG, then CGREG will have no choice but to bring a lawsuit against Hanover and against you personally.

It is our client's strong desire to resolve this dispute amicably without the need of protracted litigation. As such, we would request counsel for you, Hanover, and the Arlington Entities contact the undersigned so that we can arrange a meeting with you, my client, and respective counsel. In that regard, please have your counsel call the undersigned at (407) 835 – 6805 to set a time to meet in the next ten (10) days.

Sincerely,

Shutts & Bowen LLP

Jeffrey S. Elkins

Arlington Homes | A Better Way to Build



## Arlington Homes - Orlando and Central Florida Home Builder

**Custom Design**

Our custom designed residences are planned with the utmost attention to detail and beauty. This is what you have been waiting for; a truly magnificent estate home.



At Arlington Homes we have a mission to build extraordinary homes for discriminating families and individuals. Our homes are the result of more than a century and a half of combined experience and unerring attention to detail. By selecting premier communities, the finest materials and true craftsmen, we have achieved the perfect balance of luxury and value. Our homes are designed by some of the nation's leading architects with an eye to the harmony between form and function. The locations of our communities are chosen with care, only selecting those with the best schools, accessibility and the most prestigious addresses in Central Florida.



**1816 Harland Park -- Winter Park**

Gorgeous new Arlington Home on one of the last lots in Windsong. Fantastic outdoor living area with retractable screens, pool, full summer kitchen . Interior features custom...

view this home



EXHIBIT
B

8/25/2014

Arlington Homes | A Better Way to Build



$1,099,900

### 1616 Hibiscus – Winter Park

Elegant mediterranean elevation Detached 2 car garage Gorgeous sun room Family work / study...

view this home



$749,900

### 1815 Edwin – Winter Park

Lovely traditional elevation. 36" gas cook top and stainless steel appliances All bedrooms en suite Open loft / playroom...

view this home



$989,900

### 2402 Temple Dr – Winter Park

Way Cool Designs contemporary home 3 car garage Upstairs balcony Large, open kitchen / great...

view this home
« Older Entries

[ Search ]

**Contact Us**

**General Inquiries:** 407-688-0029
Or click here to send us an email.

**Available Homes**

- 200 East Lake Sue – Winter Park
- 730 N Lakemont Ave Winter Park – SOLD
- 2402 Temple Dr – Winter Park
- 2402.5 Temple Dr – Winter Park
- 1616 Hibiscus – Winter Park
- 1815 Edwin – Winter Park
- 615 Phelps – Winter Park

Arlington Homes | A Better Way to Build

- 1816 Harland Park -- Winter Park
- 1636 Elizabeth's Walk -- Winter Park
- 175 Rolex Pl. -- Lake Mary

© Arlington Homes
free spam filter

http://www.arlingtonhomesfl.com/

Available | Arlington Homes



- Home
- Available
- Gallery
- About »
- Contact

Home »Available

## 1816 Harland Park – Winter Park



   Gorgeous new Arlington Home on one of the last lots in Windsong. Fantastic outdoor living area with retractable screens, pool, full summer kitchen . Interior features custom cabinetry, gourmet kitchen and extensive wood and stone. Buyers can still select their own finishes at this point. Last chance to get in Winter Parks' most desirable new home...

read more

## 1616 Hibiscus – Winter Park



*Available | Arlington Homes*

Elegant mediterranean elevation Detached 2 car garage Gorgeous sun room Family work / study...

read more

### 1815 Edwin – Winter Park



Lovely traditional elevation. 36″ gas cook top and stainless steel appliances All bedrooms en suite Open loft / playroom...

read more

### 2402 Temple Dr – Winter Park



Way Cool Designs contemporary home 3 car garage Upstairs balcony Large, open kitchen / great room

read more

### 200 East Lake Sue – Winter Park

Available | Arlington Homes



Marvelous modern architecture Sparkling pool Summer kitchen / retractable screen 5...

read more

### 1636 Elizabeth's Walk – Winter Park

More information coming soon!

read more

### 615 Phelps – Winter Park

More information coming soon!

read more

### 2402.5 Temple Dr – Winter Park

Traditional craftsman elevation 3 car side entry garage Over-sized home site Dommerich schools

read more

### 175 Rolex Pt. – Lake Mary



http://www.arlingtonhomesfl.com/index.php/available/

Available | Arlington Homes

Welcome to this impressive two story custom Arlington Homes residence. This home has 4 large bedrooms and 3 full baths and a bonus half bath on the first floor. The oversized custom, soft touch kitchen has an expansive island, stainless steel appliances, granite, 20" porcelain tile, and wood flooring in the dining and master rooms are just some of the feature that complete this kitchen. The beautiful master is on the first floor and each of the upstairs bedrooms has a full private bath; plus the upstairs loft area will make a...

read more

[ Search ]

**Contact Us**

**General Inquiries: 407-688-0029**
Or click here to send us an email.

© Arlington Homes
free spam filter

The People of Arlington Homes | Arlington Homes



- Home
- Available
- Gallery
- About »
- Contact

Home »The People of Arlington Homes

# The People of Arlington Homes

### Fred Schaub – President



Fred has been involved in construction for over 34 years. After graduating from Kent State University with an Industrial Technology degree and a civil engineering background, he continued the career he had started in his teens. Fred came to Florida from Steubinville, Ohio in 1983 to continue his building career with Ryan Homes and has headed several major building companies since then. He started Arlington Homes because he wanted to provide the Central Florida Market with a "better way to build". In his spare time, Fred enjoys boating, fishing and watching sports.

## Administration

### Lance Earl – Director of Operations

Lance is a Florida native and has lived in the Orlando area since 1980. He graduated from Florida State University in 1993 with a degree in Marketing and has over 14 years construction experience in the Central Florida market. He has spent the last five years as the Director of Operations for Arlington

Homes. Lance has been married to his wife for 15 years and they have two beautiful girls. In his spare time, he enjoys playing golf, watching and playing sports, and spending time with his family.

## The Builders

### George Wisneski – Director of Construction

George brings over 18 years of building experience to Arlington Homes. With a comprehensive range of skills from an in depth knowledge of contracting, hands on management skills and problem solving. All based upon his years of experience.

Search

**Contact Us**

**General Inquiries:** 407-688-0029
Or click here to send us an email.

**Available Homes**

- 200 East Lake Sue – Winter Park
- 730 N Lakemont Ave Winter Park – SOLD
- 2402 Temple Dr – Winter Park
- 2402.5 Temple Dr – Winter Park
- 1616 Hibiscus – Winter Park
- 1815 Edwin – Winter Park
- 615 Phelps – Winter Park
- 1816 Harland Park – Winter Park
- 1636 Elizabeth's Walk – Winter Park
- 175 Rolex Pt. – Lake Mary

© Arlington Homes
free spam filter

- Home
- Available
- Gallery
- About »
- Contact

Home »Contact

# Contact

Do you have questions about Arlington Homes or what we can do for you? Feel free to contact us with any of your questions.

**General Inquiries and Sales:** 407-688-0029

Or fill out the contact form below and an Arlington Homes representative will promptly address your questions.

**Your Name ***

**Your Email ***

**Your Phone Number**

**Questions/Comments ***

**Enter the following code**

Contact | Arlington Homes

[ Submit ]

Name

Email Address

Subject

Captcha:
10 + 13 =

Message

[ Reset ] [ Submit ]

[ Search ]

**Contact Us**

**General Inquiries:** 407-688-0029
Or click here to send us an email.

© Arlington Homes
free spam filter

8/25/2014





## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing document to be filed in this Court's CM/ECF system to be served in accordance therewith, and have likewise caused a copy of the foregoing document to be deposited in the United States Mail, postage pre-paid thereon to be delivered as follows:

Peter N. Hill                                          Frederic George Schaub
Wolff, Hill McFarlin & Herron, P.A.                    472 Henkel Circle
1851 West Colonial Drive                               Winter Park, FL  32789
Orlando, FL  32804

Timothy S. Cuffredi, Sr.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando, Florida 32801


And those parties set forth on the attached creditors matrix.

Dated :          March 26, 2015.


                                                      /s/ Andrew M. Brumby
                                                      ANDREW M. BRUMBY

ORLDOCS 13933943 1

Label Matrix for local noticing
113A-6
Case 6:15-bk-01284-KSJ
Middle District of Florida
Orlando
Wed Mar 25 13:47:56 EDT 2015

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

C & G Real Estate Group, Inc
Nancy A. Rossman
3200 South Hiawassee Rd
Suite 205
Orlando, FL 32835-6317

C&G Real Estate Group, Inc.
c/o Andrew M. Brumby
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801-5403

Christiana Trust
Attn: Fla Mortgage Solutions
335 Pineda Court, Ste. 101
Melbourne, FL 32940-7504

Christiana Trust
c/o Leslie Rushing, Esq.
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401-7424

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Selene Finance Lp
9990 Richmond Ave Ste 40
Houston, TX 77042-8500

Shutts & Bowen, LLP
Jeffrey S. Elkins, Esq
P.O. Box 4956
Orlando, FL 32802-4956

Storey Law Group
Attn: Tamara Wasserman, Esq
3191 Maguire Blvd, Ste. 257
Orlando, FL 32803-3723

SunTrust
c/o Gill Law Firm
1625 S. Congress Ave
Suite 300
Delray Beach, FL 33445-6304

SunTrust Bank
Attn: Support Services
P.O. Box 85092
Richmond, VA 23286-0001

SunTrust Bank
c/o Laurie A. Pennington
200 S. Orange Ave
Orlando, FL 32801-3495

Suntrust Bank
Attn:Bankruptcy Dept
P.O. Box 85092
Mc Va-Wmrk-7952
Richmond, VA 23286-0001

United States Trustee - ORL
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

William W. Cole Jr. and
Theresa L. Cole
135 N. Knowles Ave
Winter Park, FL 32789-3851

Frederic George Schaub
472 Henkel Circle
Winter Park, FL 32789-5144

Peter N Hill
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)C&G Real Estate Group, Inc.

(u)Christiana Trust, A Division of Wilmington

End of Label Matrix
Mailable recipients    20
Bypassed recipients     2
Total                  22